IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 93-536

DON BYRON REILLY AND MARY LOU REILLY,

Plaintiffs and Appellants,

-vs.-

FARM CREDIT BANK OF SPOKANE (FORMERLY
KNOWN AS FEDERAL LAND BANK OF SPOKANE),
VALARIE WAREHIME, AND W. ARTHUR GRAHAM,

Defendants and Respondents.

) O P I N I O N
)     A N D
)   O R D E R

FILED

NOV 16 1993

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Appellants, Don Byron Reilly and Mary Lou Reilly (the Reillys) filed a Notice of Appeal on October 7, 1993. Respondents filed a Motion to Dismiss and Request for Sanctions on November 5, 1993. The bases for this motion are that the appeal was untimely filed and that the Reillys' appeal is without merit and was taken without substantial or reasonable grounds. The Reillys filed a memorandum opposing the respondents' motion on November 9, 1993, and we are prepared to rule on respondents' motion to dismiss and request for sanctions.

This action is a result of the Federal Land Bank of Spokane's (Bank) foreclosure on the Reillys' real property. The Reillys have initiated a multitude of litigation in an attempt to stymie the Bank's attempt to foreclose.

On October 2, 1990, the Reillys filed a "Notice of Intent to Sue" with the Ravalli County District Court. On the same day, the Reillys recorded a "Notice of Lis Pendens" on the subject real property. On December 23, 1991, the Reillys filed a formal

complaint in District Court. The complaint did not allege a claim regarding the real property described in the Notice of Lis Pendens, nor did it name the owners of the real property as defendants.

On March 9, 1993, the District Court granted summary judgment to the Respondents and ordered the dismissal of the complaint with prejudice. The District Court also imposed sanctions against the Reillys, which permanently prohibited them from commencing any actions in the District Court "relating to or arising from their Deed of Trust to the Federal Land Bank of Spokane (now known as the Farm Credit Bank of Spokane) and/or the foreclosure thereof and subsequent judicial proceedings relating thereto without first having obtained leave of [the District Court]." A formal judgment was entered in favor of the Respondents on May 20, 1993, and the Respondents filed a Notice of Entry of Judgment on May 27, 1993.

On August 20, 1993, the Respondents filed a motion requesting that the District Court dissolve the Notice of Lis Pendens, based on the District Court's dismissal of the Reillys' complaint. The District Court ordered the Notice of Lis Pendens dissolved on September 8, 1993. On October 7, 1993, the Reillys filed a Notice of Appeal.

The Respondents filed a motion to dismiss based on the Reillys' failure to timely file a notice of appeal from the final judgment entered on May 20, 1993. Rule 5(a)(1), M.R.App.P., requires that an appellant file a notice of appeal "within 30 days from the date of the entry of the judgment or order appealed from. . . ." In this case, the Reillys are appealing from the formal

judgment of the District Court dated May 20, 1993. The Respondents filed a notice of entry of judgment on May 27, 1993, and the thirty day period to file a notice of appeal began running on that date. Clearly, the Reillys' notice of appeal, filed on October 7, 1993, is untimely based on Rule 5(a)(1), M.R.App.P.

In addition, the District Court's order of September 8, 1993, dissolving the lis pendens on the property, is not an appealable "special order". Rule 1(b)(2), M.R.App.P., provides, in pertinent part:

> In civil cases a party aggrieved may appeal from a judgment or order, except when expressly made final by law, in the following cases: . . . (2) . . . from any special order made after final judgment. . . .

This Court has previously defined a "special order" as one "affecting the rights of some party to the action, growing out of the judgment previously entered." Chicago, Milwaukee & St. Paul Ry. Co. v. White (1908), 36 Mont. 437, 440, 93 P. 350, 351. Here, the District Court's order dissolving the lis pendens does not affect the rights of either of the parties to the action. Rather, the judgment entered by the District Court on May 20, 1993, established the legal and substantive rights of the parties. The Reillys never raised any claims regarding the real property described in the lis pendens and failed to name the owners of the real property as defendants. The order of September 8, 1993, merely lifted the "cloud" on the real property's title placed there by the Reillys when they filed the lis pendens and did not affect the rights of the parties to the action.

Therefore, because the Reillys failed to file a notice of

appeal within thirty days after the notice of entry of final judgment was filed on May 27, 1993, their appeal is time-barred, and this Court is without jurisdiction to consider the appeal.

Respondents have requested that we sanction the Reillys due to the Reillys' continued filing of meritless appeals and applications for writs. On October 14, 1993, we cautioned the Reillys against filing frivolous, vexatious, and meritless documents with this Court. On November 10, 1993, we sanctioned the Reillys for filing an application for a writ of mandamus which was improperly researched and groundless. When an appeal is entirely unfounded and causes delay, the respondent is entitled to reasonable costs and attorney's fees. Hock v. Lienco Cedar Products (1981), 194 Mont. 131, 140, 634 P.2d 1174, 1179. In this case, the Reillys' appeal is entirely unfounded and we hold that sanctions are appropriate. As a sanction, the Reillys' shall pay the Respondents' attorney's fees and costs incurred in responding to the Reillys' appeal.

For the foregoing reasons,

IT IS HEREBY ORDERED that the Respondents' Motion to Dismiss Appeal should be and is hereby GRANTED, and Appellants' appeal should be and is hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Respondents' Request for Sanctions is GRANTED, and Appellants are ordered to pay Respondents' costs and attorney's fees incurred on this appeal. This action is remanded to the District Court for a hearing to determine the appropriate costs and attorney's fees to be awarded

as sanctions.

IT IS FURTHER ORDERED that the Clerk of the District Court of the Twenty-First Judicial District shall docket this Order in the judgment docket of Ravalli County.

IT IS FURTHER ORDERED that neither the Clerk of this Court nor the Clerk of the Twenty-First Judicial District Court in Ravalli County shall accept for filing any further pleadings or documents in this Cause No. 93-536, or in Ravalli County Cause No. 93-300 until said attorney's fees and costs are fully paid, satisfied, and discharged.

IT IS HEREBY FURTHER ORDERED that the Clerk of this Court serve Respondent' counsel of record, the Appellants, pro se, and the District Court by mail with a copy of this Order.

Dated this /6 day of November, 1993.

_____
Chief Justice

_____

_____

_____

_____

_____
Justices