NO. 94-062

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994

MICHAEL S. BOHMER,

     **Petitioner** and Appellant,

  -vs-

UNINSURED EMPLOYERS' FUND,

     Respondent/Insurer  for

RAY LYBECK, individually, and
LYBECK'S DAIRY, a/k/a LYBECK FARM,

     Uninsured Employer and Respondent.



FILED

SEP 2 1994

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    Montana Workers' Compensation Court
                The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

     Laurie Wallace: Bothe & Lauridsen, Columbia Falls,
     Montana

     For Respondent:

     Richard DeJana, Attorney at Law, Kalispell,
     Montana

Submitted on Briefs:  May 12, 1994

Decided:  September 2, 1994

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

Michael Bohmer (Bohmer) appeals from an order of the Workers' Compensation Court dismissing for lack of jurisdiction his petition for determination of the extent of his injuries and calculation of the compensation to which he is entitled. We affirm.

Bohmer was injured in February, 1992, while employed by Lybeck's Dairy (Lybeck's). Lybeck's was not covered by workers' compensation insurance at the time of the injury.

Bohmer subsequently filed an independent cause of action in the Eleventh Judicial District Court, Flathead County, pursuant-- insofar as is relevant here--to § 39-71-515, MCA, which provides for an action against an employer not enrolled in a workers' compensation plan as required by law. In an amended order dated November 18, 1993, the District Court stayed its proceedings pending a determination by the Workers' Compensation Court of the extent of Bohmer's injuries and calculation of damages to which he would be entitled under § 39-71-515, MCA, or, in the alternative, that it did not have jurisdiction to act in the case.

Bohmer then petitioned the Workers' Compensation Court for a hearing. Lybeck's moved to dismiss the petition, asserting lack of jurisdiction in the Workers' Compensation Court. The court granted the motion to dismiss and Bohmer appeals.

The issue before us is whether the Workers' Compensation Court had jurisdiction to determine the compensation to which an employee is entitled from an uninsured employer pursuant to § 39-71-515(4),

2

MCA. The court concluded that it did not. It reasoned that it did have jurisdiction over the action pursuant to § 39-71-2905, MCA, but that the District Court acquired jurisdiction first under § 39-71-516, MCA, and, therefore, retained jurisdiction to dispose of the entire action..

The resolution of this issue hinges on the appropriate interpretation of §§ 39-71-2905 and 39-71-516, MCA. "[W]hen several statutes may apply to a given situation, the construction adopted should be one which will harmonize the several statutes and, if possible, give effect to all." Section 1-2-101, MCA; Montana Power Co. v. Fondren (1987), 226 Mont. 500, 506, 737 P.2d 1138, 1141. We review legal conclusions of the Workers' Compensation Court to determine whether they are correct. Lund v. State Compensation Mut. Ins. Fund (1994), 263 Mont. 346, 348, 868 P.2d 611, 612.

While we disagree with the court's interpretation of § 39-71-2905, MCA, insofar as it relates to § 39-71-516, MCA, we conclude that the court's ultimate decision that it did not have jurisdiction is correct. We will affirm a court's correct result regardless of its reasoning. Higham v. City of Red Lodge (1991), 247 Mont. 400, 402, 807 P.2d 195, 196.

Prior to 1985, the Workers' Compensation Court's statutory grant of jurisdiction gave it "exclusive jurisdiction to make determinations concerning disputes under chapter 71 [Montana's Workers' Compensation Act]." Section 39-71-2905, MCA (1983). In 1985, the Montana legislature passed House Bill 529. Section 6 of

3

the bill--later codified as § 39-71-515, MCA--established "an independent cause of action [by an injured employee] against an uninsured employer for failure to be enrolled in a compensation plan as required by [chapter 71];" damages recoverable in the action are the amounts the employee would have received if the employer had been properly enrolled in a compensation plan.  Chap. 601, 1985 Mont. Laws 1258.  Section 7 of House Bill 529--codified as § 39-71-516, MCA--provided for district court jurisdiction over the new cause of action by requiring that an employee "pursuing an independent cause of action pursuant to [39-71-515] must bring such action in the district court . . . ."  Chap. 601, 1985 Mont. Laws 1258.  Finally, Section 11 of House Bill 529 amended the Workers' Compensation Court's jurisdictional grant to read as follows:

> 39-71-2905 . . . The workers' compensation judge has exclusive jurisdiction to make determinations concerning disputes under chapter 71, except as provided in [39-71-516].

Chap. 601, 1985 Mont. Laws 1259 (emphasis added).

As stated above, a proper interpretation must give effect to both § 39-71-516, MCA, as enacted, and § 39-71-2905, MCA, as amended.  The legislature first created the § 39-71-515, MCA, cause of action and then clearly and unequivocally vested jurisdiction over the action in the district courts.  It finished by amending the Workers' Compensation Court's statutory jurisdictional grant to provide an exception for a cause of action filed in district court pursuant to § 39-71-516, MCA.  The interpretation which harmonizes and gives effect to both § 39-71-516, MCA, and § 39-71-2905, MCA, is that, via these actions, the legislature intended to prevent the

Workers' Compensation Court from exercising jurisdiction over the new cause of action over which it specifically vested jurisdiction in the district courts. We conclude, therefore, that the exception contained in § 39-71-2905, MCA, excludes § 39-71-515, MCA, causes of action from the Workers' Compensation Court's jurisdiction.

The Workers' Compensation Court's interpretation of the two statutes does not give sufficient effect to the statutory requirement that an employee file a § 39-71-515, MCA, cause of action in the district court. Interpreting the exception in § 39-71-2905, MCA, as modifying the "exclusive" nature of the Workers' Compensation Court's jurisdiction results in shared, or concurrent, jurisdiction over § 39-71-515, MCA, actions in that court and district courts. Such an interpretation is inconsistent with the legislature's clear grant of jurisdiction to district courts in § 39-71-516, MCA.

Bohmer's argument that the jurisdiction vested in the district courts pursuant to § 39-71-516, MCA, is confined to the liability issues raised in § 39-71-515(2), MCA, is not persuasive. Such an interpretation would limit the District Court's jurisdiction to questions relating to Lybeck's failure to enroll in a compensation plan and would exclude the damages issue which is an integral element of the cause of action. Our function in interpreting statutes is to "ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. Given the legislature's clear intent to require the filing of § 39-71-515,

5

MCA, actions in the district courts, we decline to insert a limitation into the statute where none exists.

We conclude that the Workers' Compensation Court correctly determined that it lacked jurisdiction to calculate the extent of Bohmer's injuries and the amount of compensation to which he was entitled. We hold, therefore, that the Workers' Compensation Court did not err by dismissing Bohmer's petition.

Bohmer makes an additional argument concerning whether the District Court should have determined Bohmer's recoverable damages as a matter of law if it retained jurisdiction in the case. We decline to address this argument relating to proceedings which are not before us on appeal.

As a final matter, Lybeck's requests the imposition of sanctions against Bohmer for arguing matters not properly before us and distorting and adding to the record. Sanctions on appeal, in the form of damages, are appropriate if this Court "is satisfied from the record and the presentation of the appeal . . . that the same was taken without substantial or reasonable grounds . . . ." Rule 32, M.R.App.P. After reviewing the record before us, we cannot conclude that Bohmer's appeal was without reasonable grounds. We conclude that sanctions are not warranted.

Affirmed.

_____
Justice

We concur:

_____
J. A. Turnage
Chief Justice

_____
John Conway Harrison

_____

_____
Justices

September 2, 1994

CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:


Laurie Wallace, Esq.
Bothe & Lauridsen, P.C.
P.O. Box 2020
Columbia Falls, MT 59912

Daniel B. McGregor, Esq.
Dept. of Labor and Industry
P.O. Box 1728
Helena, MT 59624

Richard DeJana, Esq.
200 First Ave. E.
P.O. Box 1757
Kalispell, MT 59901

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy