No. 95-170

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

CNA INSURANCE COMPANIES,

     Petitioner and Appellant,

  v.

KENNETH RAYLON DUNN, UNINSURED EMPLOYERS'
FUND, and BIG TRUCK PRODUCTIONS,

     Respondents and Respondents.



FILED

SEP 21 1995

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   Workers' Compensation Court,
              The Honorable Mike McCarter, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

          Todd A. Hammer, Warden, Christiansen,
          Johnson & Berg, Kalispell, Montana

     For Respondent:

          Chris J. Ragar, Attorney at Law,
          Bozeman, Montana  (for Dunn)

          Kevin Braun, Department of Labor & Industry,
          Helena, Montana

          Beth Heckscher, Big Truck Productions,
          Hollywood, California

Submitted on Briefs:  August 3, 1995

Decided:  September 21, 1995

Filed:

_____
/Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The petitioner, CNA Insurance Companies, filed a petition for declaratory judgment in the Workers' Compensation Court of the State of Montana in which it sought a determination that it provided workers' compensation insurance coverage to Big Truck Productions for injuries sustained by Kenneth R. Dunn. The Workers' Compensation Court concluded that although it had jurisdiction to decide the issue raised by CNA's petition, it was not required to do so, and dismissed the petition without prejudice. CNA appeals from the order and judgment of the Workers' Compensation Court. We affirm the Workers' Compensation Court.

Although a number of issues are raised by CNA on appeal, we find the following issues dispositive.

1. Did the Workers' Compensation Court have either exclusive or concurrent jurisdiction to determine whether Dunn's employer was insured against workers' compensation claims at the time of Dunn's work-related accident and injury?

2. Should sanctions be imposed against CNA for filing a frivolous appeal?

### FACTUAL BACKGROUND

In pleadings filed in either the Workers' Compensation Court or the District Court for the Third Judicial District in Powell County, Dunn alleged the following facts:

On August 17, 1993, Dunn suffered an industrial injury arising out of and in the course and scope of his employment with Big

Truck. Big Truck first informed him that it was covered by a workers' compensation policy through its payroll company, Axium. Next, Big Truck asserted that Dunn was not entitled to compensation benefits because he had signed a release absolving his employer from responsibility for those benefits.

After his injury, Dunn learned from the State Fund that Big Truck's policy with Axium did not cover him. He also learned from the Montana Department of Labor that it had no notice/information/ or election of workers' compensation coverage for Big Truck at any time in the State of Montana. Therefore, on February 16, 1994, Dunn filed an independent action against Big Truck in Powell County District Court pursuant to § 39-71-515, MCA. Among other allegations, Dunn alleged that he was an employee of Big Truck when, on August 17, 1993, he suffered an industrial injury arising out of and in the course and scope of his employment; that Big Truck was not, at that time, properly insured against workers' compensation claims; and that, therefore, Big Truck was liable pursuant to § 39-71-515, MCA, for damages in an amount equal to the benefits Dunn would have received had Big Truck been insured.

Dunn's District Court complaint was served on Big Truck on March 23, 1994. Two days later, Big Truck, for the first time, asserted that it was covered against Dunn's claim by CNA.

On December 15, 1994, Dunn filed an amended complaint in District Court in which he added claims of fraud and negligent misrepresentation.

On November 22, 1994, after receiving notice of Dunn's proposed amendment, the same attorney who was defending Big Truck in the District Court action filed a petition in the Workers' Compensation Court on behalf of CNA. In that petition, CNA sought a determination that its policy provided workers' compensation insurance coverage to Big Truck for the injury alleged by Dunn.

After appropriately noting that the relief sought by CNA was "odd" because "[a]n insurer is free to admit liability without permission or order of the Court. It is not harmed if the injured worker refuses to accept benefits," the Workers' Compensation Court dismissed CNA's petition. It concluded that although it had jurisdiction to decide the issues raised, it was not required to do so and in exercising its discretion not to do so, it observed that:

> The only foreseeable impact of a decision by this Court is the impact it would have in the district court action. Indeed, the present petition appears to be a calculated attempt to circumvent a determination by the district court.

## ISSUE 1

Did the Workers' Compensation Court have either exclusive or concurrent jurisdiction to determine whether Dunn's employer was insured against workers' compensation claims at the time of Dunn's work-related accident and injury?

We review the Workers' Compensation Court's conclusions of law to determine whether they are correct. *Stordalen v. Ricci's Food Farm* (1993), 261 Mont. 256, 258, 862 P.2d 393, 394; *Martelli v. Anaconda-Deer Lodge County* (1993), 258 Mont. 166, 168, 852 P.2d 579, 580.

4

In *Bohmer v. Uninsured Employers' Fund* (1994), 266 Mont. 289, 292, 880 P.2d 816, 818, we held that when a worker sues an uninsured employer because of a work-related injury pursuant to § 39-71-515, MCA, the action and all its "integral elements" are the exclusive jurisdiction of the district court. The Workers' Compensation Court distinguished *Bohmer* by concluding that it was not asked to exercise jurisdiction over an action commenced pursuant § 39-71-515, MCA, but rather, it was being asked to determine an insurer's liability for benefits. It held that while CNA's petition may raise questions of fact common to those raised in the District Court action, the relief sought by CNA was independent of that action. CNA agrees with the Workers' Compensation Court's conclusion that *Bohmer* is inapplicable, but contends that the Workers' Compensation Court had exclusive jurisdiction over this matter and erred when it held that the Powell County District Court also had jurisdiction. Dunn, on the other hand, contends that pursuant to our decision in *Bohmer*, the District Court had exclusive jurisdiction to decide whether Big Truck was insured at the time of his injury.

In *Bohmer*, the injured employee sued his employer in district court as an uninsured employer. The employer agreed it was uninsured. The employee then petitioned the Workers' Compensation Court to determine the benefits to which he was entitled. *Bohmer*, 880 P.2d at 817. This Court was, therefore, required to reconcile the Workers' Compensation Court's statutory jurisdictional grant at

5

§ 39-71-2905, MCA, with that jurisdiction provided to the district court pursuant to §§ 39-71-515 and -516, MCA.

Section 39-71-515(1), MCA, provides:

An injured employee or the employee's beneficiaries have an independent cause of action against an uninsured employer for failure to be enrolled in a compensation plan as required by this chapter.

Section 39-71-516, MCA, provides in part that "[a]n injured employee . . . pursuing an independent cause of action pursuant to 39-71-515 <u>must bring such action in the district court</u> . . . ." (Emphasis added.)

Prior to the commencement of this action in the Workers' Compensation Court, Dunn had filed suit in district court pursuant to § 39-71-516, MCA, based on his allegation and presumed belief that Big Truck was an uninsured employer. An uninsured employer is defined in § 39-71-501, MCA, as "an employer who has not properly complied with the provisions of 39-71-401 [requiring an employer to elect to be bound by a plan]." Dunn alleged that before filing the suit he learned from the Department of Labor that it had no notice/information/or election of workers' compensation coverage for Big Truck at any time in the State of Montana. This was a sufficient factual basis upon which to invoke the District Court's jurisdiction pursuant to § 39-71-516, MCA. Once the District Court's jurisdiction was properly invoked, it had exclusive jurisdiction over all of the "integral elements" of Dunn's claim.

CNA contends that *Bohmer* is distinguishable because there the extent of benefits was at issue while here the uninsured status of

6

the employer is at issue. These distinctions make no difference. In *Bohmer*, we found that once an independent cause of action pursuant to § 39-71-515, MCA, is brought in district court, that district court has exclusive jurisdiction over any issues which are an integral part of the cause of action.

We reasoned that:

The interpretation which harmonizes and gives effect to both § 39-71-516, MCA, and § 39-71-2905, MCA, [providing that, "the workers' compensation judge has exclusive jurisdiction to make determinations concerning disputes under chapter 71, except as provided in . . . 39-71-516"] is that . . . the legislature intended to prevent the Workers' Compensation Court from exercising jurisdiction over the new cause of action over which it specifically vested jurisdiction in the district courts. . . .

. . . .

Bohmer's argument that the jurisdiction vested in the district courts pursuant to § 39-71-516, MCA, is confined to the liability issues raised in § 39-71-515(2), MCA, is not persuasive. Such an interpretation would limit the District Court's jurisdiction to questions relating to Lybeck's failure to enroll in a compensation plan and would exclude the damages issue which is an integral element of the cause of action.

*Bohmer*, 880 P.2d at 818.

Section 39-71-515, MCA, provides a cause of action which includes as an essential element the employer's failure to insure itself against workers' compensation claims. In order for Dunn to prevail in the District Court, he must prove that Big Truck was uninsured at the time of his injury.

Permitting piecemeal litigation of the various issues involved in Dunn's District Court action would be a terrible waste of judicial resources and the parties' time and money. But most

7

importantly, it would fly in the face of the district court's exclusive jurisdiction which is clearly provided for in § 39-71-516, MCA.

CNA also contends that the Workers' Compensation Court's dismissal of its petition effectively denied its constitutional right to full legal redress pursuant to Article II, Section 16, of the Montana Constitution, and violated its rights to due process and equal protection of the law in violation of Article II, Sections 17 and 4, of the Montana Constitution.

The most appropriate response to this claim is to echo the Workers' Compensation Court's observation that it is indeed "odd." First, since when does an insurer have a greater interest in providing coverage than the employer (represented by the same attorney) has in obtaining coverage? Second, an insurer does not need a court order to admit liability and tender benefits. If the employee does not want to accept them, how is the insurer damaged? Finally, if, for some reason not readily apparent to this Court, CNA has a greater or different interest in the resolution of the coverage issue than Big Truck has, there are numerous procedural avenues available by which to involve itself in the pending District Court action. Through intervention, interpleader, or permissive joinder CNA could have seen that its interests were adequately represented in the District Court action. *See* Rules 20(a), 22, and 24, M.R.Civ.P. CNA was provided plenty of due process. Having not concerned itself with any of these available

8

remedies, the Workers' Compensation Court's observation about CNA's probable motivation is well taken.

While we disagree with the Workers' Compensation Court's conclusion that it had concurrent jurisdiction to decide the issue presented in CNA's petition, we conclude that for the stated reasons, the court's order dismissing CNA's petition was correct. "We will affirm a court's correct result regardless of its reasoning." *Bohmer*, 880 P.2d at 817. Therefore, the order and judgment of the Workers' Compensation Court are affirmed.

## ISSUE 2

Should sanctions be imposed against CNA for filing a frivolous appeal?

As a final matter, Dunn requests the imposition of sanctions against CNA pursuant to Rule 32, M.R.App.P. Sanctions on appeal, in the form of damages, are appropriate if this Court "is satisfied from the record and the presentation of the appeal . . . that the same was taken without substantial or reasonable grounds . . . ." Rule 32, M.R.App.P.

In *Reilly v. Farm Credit Bank of Spokane* (1993), 261 Mont. 532, 535, 863 P.2d 420, 422, we stated that "[w]hen an appeal is entirely unfounded and causes delay, the respondent is entitled to reasonable costs and attorney's fees." In this case, even the original petition in the Workers' Compensation Court was unnecessary and appears to have been brought for purposes of delay.

9

We agree with the Workers' Compensation Court that CNA's sole motivation for its petition, and subsequently for this appeal, is to circumvent determination of this issue by the District Court. As discussed in response to Issue 1, CNA could have assured that its interests were represented by intervention in the civil action already commenced. Instead, its attorney, who is also the sole attorney of record for Big Truck in the District Court action, has imposed upon the Workers' Compensation Court, and now this Court, issues that should have been disposed of in the District Court action.

In addition, Dunn has been caused additional and unnecessary expense and delay. Whether his claim has merit is not the point. The point is that he has a right to have it resolved in the most expeditious and least expensive manner possible. CNA, with its greater resources, has no right to use the courts of this state to frustrate that objective.

This Court is "burdened by a heavy volume of business and the problem is needlessly aggravated when frivolous appeals are taken." *Furbee v. Vintage Press, Inc.* (D.C. Cir. 1972), 464 F.2d 835, 837.

We, therefore, conclude that this is a proper case in which to impose sanctions in the amount of $500 against CNA and its attorney for a frivolous appeal.

The order of the Workers' Compensation Court which dismissed CNA's petition is affirmed. Sanctions, as set forth above, are

imposed and this matter is remanded to the Workers' Compensation Court for entry of judgment consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices