No. 96-703

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


WILL NEUSTROM,

Petitioner and Appellant,

v.

STATE OF
MONTANA,
DEPARTMENT OF LABOR
AND INDUSTRY,

Respondent and Respondent,
and

DAROLD DAVIS,

Real Party in Interest.


APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and for the County of Ravalli,
The Honorable Jeffrey H. Langton, Judge presiding.

COUNSEL OF RECORD:

For Appellant:
Jeffrey B. Hays, Recht, Hays & Hayes, Hamilton, Montana

For Respondent:
Kevin Braun, Department of Labor and Industry, Helena, Montana

For Real Party in Interest:
John Houtz, Forsyth, Montana


Submitted on Briefs: March 20, 1997

Decided:    June 17, 1997
Filed:
_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Appellant Will Neustrom (Neustrom) appeals from the opinion and order issued by the Twenty-First Judicial District Court, Ravalli County, dismissing Neustrom's petition for alternative writs of mandate and prohibition on the grounds that the court had no jurisdiction to consider the matters presented, that the matters presented were within the jurisdiction of the Workers' Compensation Court, and that therefore Neustrom had a "plain, speedy and adequate remedy" in that court.

We affirm.

The dispositive issue here is whether the District Court correctly concluded that the Workers' Compensation Court had exclusive jurisdiction to consider the substantive matters contained in Neustrom's petition for alternative writs of mandate and prohibition.

BACKGROUND

On December 5, 1991, Darold Davis (Davis) broke his arm after falling from a ladder at the Miles City Trading Company, which was then owned by Neustrom. On July 30, 1992, Davis filed a claim for workers' compensation benefits, alleging that he was an employee of Neustrom's at the time of the accident and was therefore entitled to benefits.

The Department determined that Neustrom did not have workers' compensation insurance at the time of Davis's accident, and accordingly transferred Davis's claim to the Department's Uninsured Employers Fund (UEF). On May 30, 1993, after it unsuccessfully attempted to obtain employee information from Neustrom, UEF sent Neustrom a letter informing him that it had decided to accept Davis's claim for benefits. However, on July 18, 1993, Neustrom filed a "First Report of Injury" regarding Davis' accident in which Neustrom expressly denied that Davis was an employee. On September 17, 1993, UEF sent Davis a letter informing him that the Department had determined that he was not an employee and therefore was not entitled to workers' compensation benefits.

On November 2, 1994, Davis filed an independent action against Neustrom in the Sixteenth Judicial District Court, Custer County. Section 39-71-515, MCA, provides for an independent cause of action against an employer for failure to be enrolled in one of the three workers' compensation plans required by Montana law.

Later, by letter dated July 17, 1995, Davis's attorney informed UEF that during discovery in the Custer County District Court action it had been established that Davis was Neustrom's employee at the time of Davis's injury. In the same letter, Davis's attorney inquired as to whether Davis could at that time still appeal from UEF's

September 17, 1993 decision rejecting Davis's claim. On August 2, 1995, UEF responded by letter stating that the 1991 version of the Workers' Compensation Act applied to Davis's claim and that the current 90-day appeal requirement of 39-71-520, MCA did not apply.

Thereafter, on September 7, 1995, Davis's claim was mediated and UEF reversed its earlier decision by concluding that Davis was in fact Neustrom's employee at the time of Davis' injury. By letter dated November 30, 1995, UEF informed Neustrom of its decision, and also informed Neustrom that its decision would become final if not appealed within 90 days. Neustrom indicated to UEF his disagreement with UEF's decision, contending in a December 21, 1995 letter that the matter had already become final and could not be reconsidered, but did not appeal.

In July, 1996, the Department issued to Neustrom an "Accounts Receivable Invoice," a document which indicated that Neustrom was obligated to reimburse the Department for $13,576.67 it had paid on Davis's claim for benefits. By letter dated July 19, 1996, Neustrom objected to the action taken by UEF and requested that the invoice by withdrawn. The Department responded through its legal counsel, informing Neustrom by letter dated August 1, 1996 that UEF had an obligation to pay on Davis's claim pending the outcome of the district court litigation, that Neustrom was required to reimburse UEF or face a collection action, and that if Neustrom disagreed with the decision made by UEF he could proceed to the Workers' Compensation Court.

On August 7, 1996, Neustrom petitioned the Twenty-First Judicial District Court, Ravalli County for a writ of mandate or prohibition directing the Department to vacate and set aside its November 30, 1995 decision. After a hearing, the District Court on October 10, 1996, issued its opinion and order, dismissing Neustrom's petition on the grounds that it had no jurisdiction over the dispute, that the Workers' Compensation Court had exclusive jurisdiction, and that therefore Neustrom had a "plain, speedy and adequate remedy" in that court. Neustrom appeals from the District Court's opinion and order.

DISCUSSION

Did the District Court correctly conclude that the Workers' Compensation Court had exclusive jurisdiction to consider the substantive matters contained in Neustrom's petition for alternative writs of mandate and prohibition?

The District Court's conclusion that the Workers' Compensation Court had jurisdiction over the matters presented in Neustrom's petition is a conclusion of law. We review a district court's conclusion in order to determine if it correctly interpreted the law. CNA Ins. Companies v. Dunn (1995), 273 Mont. 295, 298, 902 P.2d 1014, 1016.

In its opinion and order, the court made two interrelated determinations in disposing of Neustrom's petition. First, the court engaged in a jurisdictional analysis and

concluded that the Workers' Compensation Court had jurisdiction over the substantive matters contained in the petition. Based on this first conclusion, the court then also concluded that dismissal of Neustrom's petition was proper because he had a "plain, adequate and speedy remedy" in appealing UEF's actions to the Workers' Compensation Court.

Neustrom petitioned the District Court for writs of mandate and prohibition, pursuant to 27-26-102, MCA (writ of mandate), and 27-27-102, MCA (writ of prohibition). The statutes explain that the writs should be issued in cases in which "there is not a plain, speedy, and adequate remedy in the ordinary course of law." Section 27-26-102(2), MCA; 27-27-102, MCA. To determine the propriety of the court's dismissal of Neustrom's petition on the ground that he has "a plain, speedy, and adequate remedy" in an appeal to the Workers' Compensation Court, we must first determine whether the court's conclusion that the Workers' Compensation Court had exclusive jurisdiction over the matters presented in Neustrom's petition is correct.

Neustrom contends that the court's jurisdictional conclusion is incorrect because Montana statutes and case law dictate that where, as here, a party files an "independent action" in district court against an employer for lack of workers' compensation insurance, the district court has jurisdiction over that action and all of its "integral elements." Neustrom argues that the matters presented in his petition for writs of mandate and prohibition are "integral elements" of Davis's Custer County District Court action, and are therefore within the jurisdiction of the district courts, not the Workers' Compensation Court.

The "independent action" to which Neustrom refers is found in 39-71-515(1), MCA:

An injured employee or the employee's beneficiaries have an independent cause of action against an uninsured employer for failure to be enrolled in a compensation plan as required by this chapter.

The district courts have jurisdiction over these actions:

An injured employee or an employee's beneficiaries pursuing an independent cause of action pursuant to 39-71-515 shall bring the action in the district court in the district where the claimant resides or where the alleged violation occurred.

Section 39-71-516, MCA. Finally, 39-71-2905, MCA, explains that district court jurisdiction over 39-71-515, MCA, "independent actions" is an exception to the Workers' Compensation Court's exclusive jurisdiction over disputes arising under chapter 71:

After parties have satisfied dispute resolution requirements provided elsewhere in this chapter, the workers' compensation judge has exclusive jurisdiction to make determinations concerning disputes under Chapter 71,

except as provided in 39-71-317 and 39-71-516.

Neustrom contends that we have previously interpreted these statutes to mean that once an "independent action" is filed in district court, the district court maintains exclusive jurisdiction over that action and its "integral elements."  In Bohmer v. Uninsured Employers' Fund (1994), 266 Mont. 289, 880 P.2d 816,  an injured employee sued his employer in district court pursuant to    39-71-515 and -516, MCA.  After the employer agreed that it was uninsured, the employee petitioned the Workers' Compensation Court to determine the benefits to which he was entitled.  We addressed the issue of "whether the Workers' Compensation Court had jurisdiction to determine the compensation to which an employee is entitled from an uninsured employer pursuant to    39-71-515(4), MCA."  Bohmer, 880 P.2d at 817.  In that case, we concluded that the district courts have exclusive jurisdiction over such actions, and refused to "insert a [jurisdictional] limitation into [  39-71-516, MCA] where none exists."  Bohmer, 880 P.2d at 818.  We were not persuaded by Bohmer's argument that the district court's jurisdiction was limited to liability issues raised in    39-71-515 (2), MCA, and explained that "[s]uch an interpretation would limit the District Court's jurisdiction to questions relating to [the employer's] failure to enroll in a compensation plan and would exclude the damages issue which is an integral element of the cause of action."  Bohmer, 880 P.2d at 818.

In Dunn, the injured employee sued his allegedly uninsured employer in district court, pursuant to    39-71-515 and -516, MCA.  Then, CNA Insurance filed a petition with the Workers' Compensation Court, seeking a determination that its policy provided workers' compensation insurance to the employer for the injury suffered by Dunn, the employee.  Dunn, 902 P.2d at 1016.  On appeal, CNA Insurance argued that the Workers' Compensation Court had jurisdiction over its petition because, unlike the situation in Bohmer, where the extent of benefits was at issue, at issue in the present case was the uninsured status of the employer.  Dunn, 902 P.2d at 1017.  We disagreed, stating:

These distinctions make no difference.  In Bohmer, we found that once an independent action pursuant to    39-71-515, MCA, is brought in district court, that district court has exclusive jurisdiction over any issues which are an integral part of the cause of action.

....

Section 39-71-515, MCA, provides a cause of action which includes as an essential element the employer's failure to insure itself against workers' compensation claims.  In order for Dunn to prevail in the District Court, he must prove that [his employer] was uninsured at the time of his injury.

Dunn, 902 P.2d at 1017.

Neustrom contends that, pursuant to Bohmer and Dunn, the District Court erred in concluding that the Workers' Compensation Court has jurisdiction over the matters contained in his petition for writs of mandate and prohibition. We disagree.

Generally, the matters contained in Neustrom's petition relate to Neustrom's dispute with UEF. Particularly, Neustrom disputes UEF's jurisdiction to reverse its prior finding that Davis was not Neustrom's employee, and therefore disputes UEF's issuance of the "Accounts Receivable Invoice" and its stated requirement that Neustrom reimburse UEF for payments made on Davis's claim. These matters are unrelated to Davis's 39-71-515, MCA, "independent action." Instead, they are the basis of a separate dispute over the propriety, jurisdictionally and otherwise, of actions taken by UEF in regard to Davis's pursuit of a remedy through that agency. Section 39-71-508, MCA, recognizes that an injured employee may concurrently pursue remedies according to separate causes of action:

An employee who suffers an injury arising out of and in the course of employment while working for an uninsured employer as defined in 39-71-501 or an employee's beneficiaries in injuries resulting in death may pursue all remedies concurrently, including but not limited to:

(1) a claim for benefits from the uninsured employers' fund;

....

(3) an independent action against an employer as provided in 39-71-515; ....

Neither Bohmer nor Dunn is inconsistent with the relevant statutory provisions, as neither case involved a concurrent claim for benefits from UEF and an "independent action" pursuant to 39-71-515, MCA. In Bohmer, we considered whether the "independent action" could be decided in piecemeal fashion with the district court deciding the issue of liability and the Workers' Compensation Court deciding the amount of compensation that was due. Bohmer, 880 P.2d at 817. We held that pursuant to the plain language of 39-71-516 and -2905, MCA, the district court had exclusive jurisdiction to decide all issues related to the "independent action." Bohmer, 880 P.2d at 818.

In Dunn, the claimant had filed an "independent action" in district court and the employer's insurer filed a petition in the Workers' Compensation Court to have the integral issue of whether the employer was, in fact, uninsured decided in a separate venue. Dunn, 902 P.2d at 1016. Pursuant to Bohmer, and the plain language of the same two statutes, we correctly held that the "independent action" cannot be split up and decided in piecemeal fashion. Dunn, 902 P.2d at 1017.

Neither Bohmer nor Dunn involved a claim for benefits from UEF, which the Workers' Compensation Act clearly provides must initially be made to the Department and appealed to the Workers' Compensation Court. See, e.g., 39-71-503, MCA; 39-71-204, MCA. Neither case discusses the specific provision in the Workers' Compensation Act that the UEF claim can be filed concurrently with the "independent

action" over which the district court has exclusive jurisdiction. See 39-71-508, MCA.

Neustrom's procedural and jurisdictional dispute with UEF over its handling of Davis's claim for benefits, and Davis's "independent action" against Neustrom because of Neustrom's alleged failure to insure himself and his workers, are two separate disputes. Montana's Workers' Compensation Act allows these disputes to proceed along two separate tracks. Section 39-71-508, MCA. Neustrom's procedural and jurisdictional dispute with UEF is within the exclusive jurisdiction of the Workers' Compensation Court, while Davis's "independent action" against Neustrom is within the exclusive jurisdiction of the District Court. Section 39-71-2905, MCA.

The Act's plain requirement that the Workers' Compensation Court decide issues related to UEF claims and the district court decide issues related to the "independent action" will not, as is impliedly argued in the briefs, create potentially inconsistent results. The claimant must initiate both claims and is bound by principles of res judicata or collateral estoppel by the decision of the first venue to arrive at a decision. The claimant must take that reality into consideration when making a decision about which claim to file, or the timing of each claim.

The court correctly concluded that the Workers' Compensation Court had exclusive jurisdiction over the matters contained in Neustrom's petition for writs of mandate and prohibition, and therefore correctly dismissed Neustrom's petition because he had a "plain, speedy, and adequate remedy" through an appeal to the Workers' Compensation Court.

Affirmed.

/S/ WILLIAM E. HUNT, SR.

We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ TERRY N. TRIEWEILER