No.14831

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

CHARLOTTE VINCENT,

Plaintiff and Appellant,

-vs-

JOHN ROBERT EDWARDS et al.,

Defendants and Respondents.

---

Appeal from: District Court of the Thirteenth Judicial District,
Honorable Charles Luedke, Judge presiding.

Counsel of Record:

For Appellant:

McDonough, Cox and Simonton, Glendive, Montana

For Respondents:

Douglas Y. Freeman, Hardin, Montana
Ronald Lodders, Billings, Montana
Charles Cashmore, Billings, Montana

---

Submitted on briefs: September 12, 1979

Decided: OCT 2 5 1979

Filed: OCT 2 5 1979

Thomas J. Kearney

Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from the judgment in a personal injury action from the District Court, Thirteenth Judicial District, Yellowstone County. Plaintiff Charlotte Vincent appeals from the District Court order granting summary judgment in favor of the defendants, Schultz & Meyer Construction Company, Empire Sand & Gravel Company, Inc., and Jimmy D. Arndt.

Plaintiff brought this cause to recover for injuries suffered in an automobile accident on the night of July 3, 1974. She was a passenger in an automobile which struck a cow lying on Interstate 94 which was then under construction. The cow had been struck by two other automobiles immediately before plaintiff's collision.

The original complaint alleges the accident resulting in plaintiff's injuries was caused by the negligence of the operators of the two other automobiles and the construction companies working on Interstate 94. The original complaint was filed on June 28, 1977. At that time, plaintiff positively knew the identity of only two defendants, John Robert Edwards and George Mike Edwards. Consequently, the driver of the second car, Jimmy D. Arndt, and the two construction companies, Schultz & Meyer Construction Company and Empire Sand & Gravel Company, Inc., were designated by fictitious names pursuant to section 25-5-103, MCA. Respondent Arndt was designated as "John Doe" and the two construction companies were designated as "A.B.C. Construction Company" in the original complaint.

Later, plaintiff moved to amend the original complaint upon discovering the true identities of the fictitiously

-2-

named defendants. The motion was granted on September 25, 1978, and plaintiff filed an amended complaint.

The three fictitiously named defendants were each served with a summons on or after September 25, 1978. Prior to such service, they had no notice of either the accident or the institution of any prior action on behalf of plaintiff. There is no dispute that the true names of the two construction companies could have been obtained from information easily accessible upon mere inquiry.

The three fictitiously named defendants moved for summary judgment on the grounds that the three-year statute of limitations on plaintiff's claim had run on July 3, 1977, under section 27-2-204(1), MCA. The motion was granted, and judgment was entered against plaintiff on April 30, 1979. Plaintiff appeals from this judgment.

This appeal raises an issue of first impression in this jurisdiction: whether or not the "relation back" limitations of Rule 15(c), M.R.Civ.P., apply to an amendment of a complaint made to identify defendants originally named fictitiously pursuant to section 25-5-103, MCA, and made after the statute of limitations has run.

This appeal involves two Montana statutes and their interpretation and relationship to each other. Plaintiff-appellant relies on the fictitious name statute, section 25-5-103, MCA, which provides:

> "Suing a party by a fictitious name. When the
> plaintiff is ignorant of the name of the defen-
> dant, such defendant may be designated in any
> pleading or proceeding by any name; and when
> his true name is discovered, the pleadings or
> proceedings may be amended accordingly."

The second statute relevant to this appeal is Rule 15(c), M.R.Civ.P., regarding the relation back of amendments to pleadings, which provides in pertinent part:

-3-

"_Relation back of amendments_. Whenever the
claim or defense asserted in the amended plead-
ing arose out of the conduct, transaction, or
occurrence set forth or attempted to be set
forth in the original pleading, the amendment
relates back to the date of the original plead-
ing. An amendment changing the party against
whom a claim is asserted relates back if the
foregoing provision is satisfied and, within
the period provided by law for commencing the
action against him, the party to be brought in
by amendment (1) has received such notice of
the institution of the action that he will not
be prejudiced in maintaining his defense on the
merits, and (2) knew or should have known that,
but for a mistake concerning the identity of
the proper party, the action would have been
brought against him."

In her brief appellant argues that Rule 15(c), M.R.Civ.P.,
and the fictitious name statute speak to different circum-
stances. She contends that section 25-5-103 is concerned
with defendants whose names or identities are originally
unknown and are later discovered and no change of parties is
involved. Rule 15(c), she argues, is concerned with a
situation where a plaintiff has either misnamed the proper
defendant or has mistakenly named the wrong defendant, and
therefore wishes to make an amendment "changing the party."
She argues that the requirements of Rule 15(c), which admit-
tedly have not been satisfied here, do not apply to amend-
ments substituting named defendants for fictitious defendants
after the statute of limitations has expired. Thus, appel-
lant contends, amendments identifying and substituting named
defendants relate back to the filing of the original com-
plaint naming fictitious defendants, and the statute of
limitations is tolled. The only purpose of the fictitious
name statute is to toll the statute of limitations in a
situation such as that which confronted appellant in the
present case. Finally, appellant denies that there is any
requirement for a plaintiff utilizing the fictitious name
statute to exercise reasonable diligence to determine the

-4-

true name of the defendant, or in the alternative, if there is such a requirement, the defendant must demonstrate prejudice, which has not been done in this case.

Respondents urge that the statute of limitations had run out before any of the respondents were named as parties defendant, and that the trial court therefore properly granted summary judgment. They argue that the amended complaint does not relate back to the filing of the original complaint for two reasons: (1) Rule 15(c), M.R.Civ.P., is applicable and its requirements have not been met; and (2) the plaintiff did not exercise reasonable diligence to determine the true names of the fictitiously named defendants.

Because we hold that an amendment to a complaint substituting named defendants for fictitiously named defendants falls within the scope of Rule 15(c), it is not necessary for us to consider the second issue raised on appeal.

At the outset it is worthy of note that while Montana's fictitious name statute, section 25-5-103, MCA, permits amendment of the pleadings upon discovery of the defendants' true names, the statute is silent as to the relation back of the amendment and the statute of limitations. Both of these issues, the relation back of amendments and the statute of limitations, are specifically addressed in Rule 15(c), but are not mentioned in section 25-5-103, the fictitious name statute. Nevertheless, appellant contends that despite the absence of any language in section 25-5-103 tolling the statute of limitations or providing for the relation back of an amendment, the only purpose of a fictitious name statute is to toll the statute of limitations and the amended complaint must therefore relate back to the filing of the original complaint, citing Annot., 85 A.L.R.3d 130, 134, in

-5-

support of her position. We refuse to read such a rule into section 25-5-103 by implication, since Rule 15(c) expressly deals with the matter.

It is clear that the more specific provisions of Rule 15(c), M.R.Civ.P., are controlling in the present case. This rule provides:

> ". . . An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied [same transaction or occurrence] and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." (Emphasis and bracketed material supplied.)

Appellant apparently acknowledges that the requirements of Rule 15(c) have not been met in this case in that neither respondent Jimmy D. Arndt nor respondents Schultz & Meyer Construction Company and Empire Sand & Gravel Company, Inc., had any notice or knowledge of the institution of the action against them until after the three-year statute of limitations had expired. Laforest v. Texaco, Inc. (1978), \_\_\_\_ Mont. \_\_\_\_, 585 P.2d 1318, 1321, 35 St.Rep. 1580. Appellant seeks to avoid the consequences of this fact under Rule 15(c) by attempting to limit the application of Rule 15(c) to situations where a plaintiff has either misnamed the proper defendant or has mistakenly named the wrong person as a party defendant, and by attempting to distinguish the circumstances covered by the fictitious name statute, where the identities of defendants whose names were originally unknown are later discovered. We agree with the respondents that this is a distinction without a difference.

As far as respondents are concerned, these amendments were amendments "changing the party against whom a claim is asserted," since the first time respondents had any notice or knowledge that they were being sued was when they were served with the amended complaints. From their standpoint, respondents were completely new parties brought into the action for the first time _after_ the statute of limitations had run.

Rule 15(c) is designed to provide protection for individuals in the position of respondents, who had no notice or knowledge of the lawsuit until more than a year after the statute of limitations had run. In Laforest v. Texaco, Inc. (1978), ___ Mont. ___, 585 P.2d 1318, 1321, 35 St.Rep. 1580, the original complaint erroneously named the wrong persons as defendants, and the proper defendant, Texaco, had no notice or knowledge of the lawsuit until it was served with an amended complaint after the statute of limitations had run. Although the fictitious name statute was not involved in _Laforest_, this Court discussed the reasoning underlying Rule 15(c) in that case, quoting from Munetz v. Eaton Yale & Towne, Inc. (E.D. Pa. 1973), 57 F.R.D. 476, 480-481:

> "'If plaintiff had in mind initially the proper entity or person and actually had served that intended person or entity, then it is clear that the amendment would be permitted even though the statute of limitations had run as to the person so misnamed in the process and complaint, because the person or entity would already be in court, would have had adequate notice of the pendency of the action, and, therefore, there would be no prejudice to the person or entity by allowing the amendment. However, when the effect of the amendment is to bring before the Court for the first time a completely different person or entity which had not previously had notice of the suit and such amendment, assuming it would relate back, occurs after the applicable

statute of limitations has run, then the new person or entity would be prejudiced and the amendment is not allowed . . .

"'The addition or substitution of parties who had no notice of the original action is not allowed. Substitution of a completely new defendant creates a new cause of action. Permitting such procedure would undermine the policy upon which the statute of limitations is based.' (Citations omitted.)"

This same rationale has been followed in cases from other jurisdictions considering both a fictitious name statute similar or identical to Montana's and Rule 15(c):

"As an initial matter, because from the viewpoint of the party sought to be added belatedly, it can make no difference whether he was originally designated as John Doe and not served, or originally neither named nor served because another person was erroneously thought to be the correct defendant, we hold that both situations are encompassed by § 81A-115(c)'s reference to 'changing the party against whom a claim is asserted.'" Sims v. American Casualty Company (1974), 131 Ga.App. 461, 206 S.E.2d 121, 134, aff'd., 232 Ga. 787, 209 S.E.2d 61.

See also Gould v. Tibshraeny (1973), 21 Ariz.App. 146, 517 P.2d 104, 106. The policy behind our statute of limitations has been stated and given effect by the Montana Court in Cassidy v. Finley (1977), ___ Mont. ___, 568 P.2d 142, 144, 34 St.Rep. 879:

"This Court has often stated one of the objects of a true statute of limitations is to prevent potential plaintiffs from sitting on their rights, and to suppress stale claims after the facts concerning them have become obscured by lapse of time, defective memory, or death or removal of witnesses."

Appellant argues that the only purpose of a fictitious name statute is to toll the statute of limitations so that the amendment substituting the defendants' true names for the fictitious defendants will relate back to the filing of the original complaint. This argument ignores the requirements of Rule 15(c) and the policies expressed in cases

construing that rule. Furthermore, other purposes and applications of the fictitious name statute can be readily found in cases involving unknown heirs, in quiet title actions and other actions, and in discovery procedures.

Appellant relies largely on Annot., 85 A.L.R.3d 130, and cases cited therein, for the proposition that an amendment substituting the true name of a defendant designated by a fictitious name in the original complaint relates back to the filing of the original complaint for the purpose of tolling the statute of limitations. Two of the cases, while considering a fictitious name statute or a court rule allowing designation of unknown defendants by a fictitious name, were decided before the adoption of Rule 15(c) or its equivalent in their respective jurisdictions. Therefore, Maddux v. Gardner (1945), 239 Mo.App. 289, 192 S.W.2d 14, and Wall Funeral Home, Inc. v. Stafford (1969), 3 N.C.App. 578, 165 S.E.2d 532, cannot be considered as authority for appellant's proposition that Rule 15(c) is inapplicable or for the proposition that the amendments relate back to toll the statute of limitations in the present case, since there was no Rule 15(c) or equivalent to consider when those cases were decided. By the same token, Sousa v. Casey (1973), 111 R.I. 623, 306 A.2d 186, and Farrell v. Votator Division of Chemetron Corp. (1973), 62 N.J. 111, 299 A.2d 394, also failed to address the question presented here concerning the effect of Rule 15(c) on fictitiously named defendants. While those jurisdictions had adopted Rule 15(c) or its equivalent at the time the cases were decided, the decisions made no mention of the rule. Thus, although Rule 15(c) was in force, those cases were decided solely on the basis of a fictitious name statute or court rule, and the effect of Rule 15(c) was not considered.

Appellant points out that Montana's fictitious name statute, section 25-5-103, MCA, was adopted verbatim from the California statute, and argues that the California cases construing that statute support her contentions. This argument ignores the fact that California has no Rule 15(c) nor any equivalent procedural rule that speaks to the relation back of amendments. See West's Annotated California Code of Civil Procedure, sections 473, 474. Therefore, Mayberry v. Coca Cola Bottling Co. (1966), 244 Cal.App.2d 350, 53 Cal.Rptr. 317, and other California cases are distinguishable since they did not consider the issue involved in the present case.

On the other hand, the federal cases cited by respondents were decided under Rule 15(c) alone, as there is no federal fictitious name statute, and the federal courts have not adopted a court rule allowing the designation of unknown defendants by fictitious names. Craig v. United States (9th Cir. 1969), 413 F.2d 854; Stephens v. Balkamp, Inc. (E.D. Tenn. 1975), 70 F.R.D. 49. This is true even in a diversity suit where state law provides for a fictitious name statute, on the grounds that such a statute is procedural rather than substantive, and is therefore inapplicable in a federal diversity action under Erie Railroad Co. v. Tompkins (1938), 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. See Williams v. Avis Transport (D. Nev. 1972), 57 F.R.D. 53.

The only cases considering both a fictitious name statute and Rule 15(c) have held that an amendment to a complaint substituting named defendants for fictitious defendants will relate back to the filing of the original complaint and toll the statute of limitations only if the requirements of Rule 15(c) are satisfied. Gould v. Tibshraeny (1973), 21 Ariz.App.

146, 517 P.2d 104, is squarely on point with the present case. In Gould the plaintiff named fictitious defendants pursuant to a fictitious name statute nearly identical to Montana's, then subsequently filed an amended complaint substituting Tibshraeny for one of the "Doe" defendants after the statute of limitations had run. The court rejected the same argument presented here by appellant, holding that the amended complaint did not relate back to the filing of the original complaint to toll the statute of limitations where the requirements of Rule 15(c) had not been met:

> "It is fundamental that the purpose of the statute of limitations is to provide a cutoff point in time for stale claims. Rule 15(c) carries out this sound policy by requiring notice of the institution of the action within the time limitations set by the statute of limitations before an amendment adding new parties will relate back to the date of the original pleading." Gould, 517 P.2d at 106.

The Arizona Court relied on an earlier Arizona decision which is also on point. See Hartford Insurance Group v. Beck (1970), 12 Ariz.App. 532, 472 P.2d 955. Cases considering both a fictitious name statute and Rule 15(c) have also been decided in Georgia with the same result. In Sims v. American Casualty Company (1974), 131 Ga.App. 461, 206 S.E.2d 121, 134-136, aff'd., 232 Ga. 787, 209 S.E.2d 61, the plaintiff amended her complaint to substitute several named defendants for those fictitiously named in her original complaint after the statute of limitations had run. Summary judgment for the defendant was affirmed, against the plaintiff's contentions that the amendment related back to the filing of the original complaint under the fictitious name statute. As in the present case, the requirements of Rule 15(c) had not been satisfied because the defendants did not have notice or knowledge of the action within the period of

limitations.  See also Brer Rabbit Mobile Home Sales, Inc.
v. Perry (1974), 132 Ga.App. 128, 207 S.E.2d 578, and
Annot., 85 A.L.R.3d 130, 146-148, §7(a).

In summary a plaintiff may utilize the fictitious name
statute and may amend a complaint to substitute the true
name of the defendant when discovered.  If the amendment
occurs after the statute of limitations has run, however,
the real or intended defendant must have either been served
or otherwise received notice of the institution of the
action under the conditions provided in Rule 15(c).

Affirmed.

_____
                Justice

We concur:

_____
        Chief Justice


_____


_____


_____
        Justices