No. 84-555

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

ARLYN J. SOOY,

Plaintiff and Appellant,

-vs-

PETROLANE STEEL GAS, INC.,
et al.,

Defendants and Respondents.

APPEAL FROM: District Court of the Fifth Judicial District,
In and for the County of Beaverhead,
The Honorable Frank Davis, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Burgess, Joyce & Whelan; Thomas F. Joyce argued,
Butte, Montana

For Respondents:

Corette, Smith, Pohlman & Allen; Lisa Swan argued
for Petrolane Steel Gas, Butte, Montana
Poore, Roth & Robinson; I. Richard Orizotti argued
for Exxon Corp., Butte, Montana
Henningson & Purcell; James E. Purcell argued for
Shell Oil, Butte, Montana

Submitted: May 30, 1985

Decided: November 12, 1985

Filed: NOV 12 1985

*Ethel M. Harrison*

Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court, Fifth Judicial District, Beaverhead County, denying plaintiff, Arlyn J. Sooy's motion for leave to file an amended complaint and granting respondents' motions for summary judgment. We reverse.

On June 19, 1980, Sooy attempted to light the pilot light on the hot water heater in the basement of his home in Wisdom. An explosion ensued and he was seriously injured. On June 17, 1983, he filed a complaint in Silver Bow County. In the complaint Sooy alleged that he bought propane from Petrolane Steel Gas, Inc. and Petrolane Steel Gas Service, that these defendants failed to add an odorizing agent to the propane, and as a result, he could not smell the escaping propane when he lit the match that caused the explosion. In addition to Petrolane Steel Gas, Inc. and Petrolane Steel Gas Service, Sooy named, by fictitious names, other defendants whose negligence may have caused him injury. He also alleged damages to his real property.

The two named defendants were served on June 22, 1983, and responded on July 19, 1983, by filing a motion to dismiss and to change venue to Beaverhead County. The motion to change venue was granted.

Shortly thereafter, Sooy learned that Exxon, Shell Oil, Petrolane Supply and Perry Gas Products were the refiners of propane furnished to named defendants and that they were responsible for adding the odorant to the propane at the refinery. Therefore, on June 11, 1984, he had additional summons issued, and the summons, a copy of the original

complaint, and notice were served on June 14, 1984 on G. T. Corporation, the designated agent for service of process of the four newly discovered defendants. Exxon was made a party as John Doe No. 3; Shell Oil as John Doe No. 4; Petrolane Supply as John Doe No. 5, and Perry Gas as John Doe No. 6.

Each of these four defendants filed a motion to dismiss and moved for summary judgment. They argued that none of them knew of the action until June 14, 1984, and that the statute of limitations had run on Sooy's claim against them on June 19, 1983.

On August 15, 1984, a hearing was held at which Sooy moved to file an amended complaint. The amended complaint changed the names of the John Does to the true names of the four corporate defendants, realleged Count One, deleted Count Two relating to property damage, and substituted a strict liability claim arising out of the facts set forth in the initial complaint. On August 30, 1984, the District Court denied the motion to file an amended complaint and granted defendants' motions for summary judgment.

Two issues are presented for review:

(1) Whether the District Court erred in denying Sooy leave to file an amended complaint.

(2) Whether the District Court erred in finding that the statute of limitations, § 27-2-204, MCA, barred Sooy's claim against Exxon, Shell Oil, Petrolane Supply, and Perry Gas.

We find first that the District Court did err in denying Sooy leave to file an amended complaint. Rule 15(a) M.R.Civ.P. provides that "A party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . " At the time Sooy moved for leave

3

to file an amended complaint, defendants Exxon, Shell, Petrolane Supply, and Perry Gas had made no responsive pleading. Therefore, appellant should have been allowed to amend his complaint against these four defendants regardless of whether the court later felt bound to grant summary judgment. Defendants Petrolane Steel Gas, Inc., and Petrolane Steel Gas Service did file responsive pleadings and thus, as to them, appellant would not have been able to amend his complaint "as a matter of course." However, Rule 15(a) further provides that once a responsive pleading is served "a party may amend his pleading only by leave of court or by written consent of the adverse party; <u>and leave shall be freely given when justice so requires</u>." (Emphasis added.) In Lien v. Murphy Corporation (Mont. 1982), 656 P.2d 804, 39 St.Rep. 2252, the plaintiff moved to amend nine years after the complaint was originally filed. The District Court denied the motion to amend. We reversed, finding that there was no bad faith, dilatory motive, or undue delay on the part of the movant. In addition, we found that the amended complaint stemmed from the same occurrence as the original complaint and would cause only minimal prejudice to the defendant. In the present case allowing an amended complaint would not have prejudiced the two defendants who filed responsive pleadings, as Sooy merely sought to add an additional theory of liability based on the same operative facts. Further, there is no evidence that Sooy's motion to amend the complaint was motivated by bad faith or a desire to delay. Under these circumstances we find that the District Court erred by not granting Sooy leave to amend. With respect to the originally named defendants, Petrolane Steel Gas, Inc., and Petrolane Steel Gas Service, the amended

4

complaint relates back to the filing of the original complaint as provided by Rule 15(c), M.R.Civ.P.

The second issue presented by this case requires that we re-examine Vincent v. Edwards (1979), 184 Mont. 92, 601 P.2d 1184. In that case when the original complaint was filed the plaintiff had positively identified two defendants. Three other defendants whom the plaintiff had not positively identified were designated by fictitious names pursuant to § 25-5-103, MCA. When the identities of these three defendants were discovered the plaintiff moved to amend the original complaint in order to substitute the real names for the fictitious names. The motion was granted and an amended complaint was filed. The three fictitiously named defendants moved for summary judgment on the grounds that the statute of limitations had run on plaintiff's claim under § 27-2-204(1), MCA. This Court affirmed the summary judgment on appeal, relying on the provisions of Rule 15(c), M.R.Civ.P., as applying to fictitiously named defendants. In the case at bar, the District Court relied on our holding in Vincent v. Edwards, in determining that in this case the statute of limitations had run against the plaintiff as to the fictitiously named defendants.

We realize now that in deciding Vincent v. Edwards, we did not take into account the status of defendants who are named as parties under fictitious names when the original complaint has been filed.

The applicable statute is § 25-5-103, which provides:

> Suing a party by a fictitious name. When the plaintiff is ignorant of the name of the defendant, such defendant may be designated in any pleading or proceeding by any name; and when his true name is

discovered, the pleadings or proceedings may be amended accordingly.

No case decided by this Court prior to Vincent v. Edwards had determined whether a fictitiously named defendant is a party to the action from the filing of the original complaint. We now hold that when a complaint sets forth a cause of action against a defendant designated by fictitious name and his true name is thereafter discovered and substituted by amendment, the fictitiously named defendant is considered a party to the action from its commencement so that the statute of limitations stops running as to the fictitious party on the date the original complaint is filed. Accord, see Olden v. Hatchel (Cal. 1984), 201 Cal.Rptr. 715, 154 Cal.App.3d 1032. But if parties are added by amended complaint as new parties and not as presently identified but formerly fictitiously named defendants, the amended complaint does not relate back to the date of filing the original complaint and the statute of limitations is not tolled as to such new parties. Anderson v. Allstate Insurance Co. (9th Cir.Cal. 1980), 630 F.2d 677 (applying California law). A later identified party, formerly sued under a fictitious name, is a party from the beginning. Freeman v. State Farm Mutual Automobile Insurance Co. (Cal. 1975), 535 P.2d 341.

In deciding Vincent v. Edwards, we gave an improper interpretation to the provisions of Rule 15(c), M.R.Civ.P. That rule provides:

> Relationback of amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom

6

> a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. . .

It will be seen from a reading of Rule 15(c), that an amended complaint relates back to the date of the original pleading when the amended pleading depends on the same set of operative facts as contained in the original pleading. The further provision in Rule 15(c), with respect to amendments changing a party, relates to those situations where the party asserting the claim has made a mistake concerning the identity of the proper party rather than when the party is ignorant of the true identity of the proper party. Our holding in Vincent v. Edwards with respect to Rule 15(c) denies the status of the fictitious party as being in the action from the beginning, and in cases such as the one at bar, robs the fictitious name statute, § 25-5-103, of its efficacy.

We find ourselves in agreement with the Supreme Court of California in Barrington v. A.H. Robbins Co. (Cal. 1985), 702 P.2d 563, at 565, where it said:

> The relation-back doctrine has been used to determine the time of commencement of an action for the purpose of the statute of limitations. Normally, the statute of limitations commences to run regardless of the injured party's ignorance of his or her cause of action. (Citing authority.) In Austin v. Massachusetts Bonding & Insurance Co. (1961) 56 Cal.2d 596, 15 Cal.Rptr. 817, 364 P.2d 681, we held that an amended complaint is not

7

> barred by the statute of limitations,
> even though it substitutes a named party
> for a fictitious defendant, if the
> amended complaint relates back to a
> timely original complaint. Reasoning
> that the defendant was not prejudiced by
> the filing of an amendment after the
> statutory period had elapsed, we observed
> that "a defendant unaware of the suit
> against him by a fictitious name is in no
> worse position if, in addition to
> substituting his true name, the amendment
> makes other changes in the allegations on
> the basis of the same general set of
> facts. . . ." (Citing authority.)
> Conversely, "a plaintiff who did not know
> of the true name at the time the original
> complaint was filed . . . has at least as
> great a need for the liberality of
> amendment . . . as a plaintiff who knew
> the defendant's name throughout, and he
> should not be penalized merely because he
> was compelled to resort to his statutory
> right of using a fictitious name."

We therefore reverse our holding in Vincent v. Edwards, supra, and determine that when a fictitious party is later identified, the amendment setting forth his true name relates back to the date of the filing of the original pleading. In this case, it means that the statute of limitations had not run against those fictitious defendants who where later identified by their true names.

There is protection for fictitiously named defendants in the provisions of our Rule 41(e), M.R.Civ.P. Under that rule any defendant who has not appeared in the action or who has not been served within three years after the ~~accident~~ action - GH 11/13/85 has been commenced is entitled to a dismissal. Moreover, under that rule, unless summons shall have been issued within one year of the commencement of the action a defendant is entitled to dismissal. In this case, the original action was filed on June 17, 1983. The additional summons against the

8

newly identified defendants was issued on June 11, 1984, within the one year period.

We therefore reverse the summary judgments granted in this case and remand the cause for further proceedings in accordance with this opinion.

Justice

We concur:

Chief Justice

Justices