JUSTICE TRIEWEILER
concurring and dissenting.
¶29 I concur with the majority’s conclusion that the District Court erred when it granted Panco Construction, Inc.’s Motion for Summary Judgment. I dissent from the majority’s conclusion that the correct disposition of this case is to remand to the District Court for further consideration of the interrelationship of Rule 4E(2), M.R.Civ.P., § 25-5-103, MCA (the fictitious name statute), and Rule 15(c), M.R.Civ.P.
¶30 The majority correctly states the standard of review of appeals from orders granting summary judgment and then completely ignores it. We have been asked to review, as a matter of law, the interrelationship of the aforementioned rules of procedure and the fictitious name statute, and apply the law to the undisputed facts in this case. Instead, we have simply brought the rules and statute to the District Court’s attention and then avoided our responsibility to apply the law.
¶31 Furthermore, correct application of the law can lead to only one conclusion. The Plaintiff named fictitious defendants because he was ignorant of the true name of the Defendant. When he learned the defendant’s true name, he sought to amend his complaint accordingly and because his original complaint had been filed within the statute of limitations, he had three years within which to substitute the correct defendant for a fictitious defendant. There is nothing else that the District Court can decide. Why waste everyone’s time?
¶32 Section 25-5-103, MCA, provides as noted by the majority that when a plaintiff is ignorant of a defendant’s name, he can designate the defendant by a fictitious name and amend his pleading accordingly when he learns of the true name. The undisputed facts come squarely within the fictitious name statute. Plaintiff was obviously ignorant of the correct name of the defendant or the defendant would have been identified by his correct name. Plaintiff knew he was ignorant of the defendant’s correct name or he would not have listed fictitious defendants. When the Plaintiff learned of the Defendant’s correct name, he moved the District Court to substitute the Defendant for one of the fictitious defendants. The fictitious name statute requires nothing more.
*194 ¶33 The effect of compliance with the fictitious name statute on the statute of limitations could not be clearer. Rule 4E(2), M.R.Civ.P., provides that when a plaintiff names a fictitious defendant in a complaint pursuant to § 25-5-103, MCA, he may amend the complaint to substitute the real defendant for the fictitious defendant within three years after filing the original complaint. Molina fully complied with Rule 4E(2), M.R.Civ.P. His original complaint was filed prior to the expiration of the statute of limitations. His motion to amend his complaint a second time to substitute the correct defendant for a fictitious defendant was filed well within three years from the date of his original complaint. This should be the end of the inquiry. There is nothing left to decide.
¶34 Rule 15(c), M.R.Civ.P., may have been applicable to the Plaintiffs first amendment of his complaint when he substituted Panco Construction, Inc., for Panco, Inc. However, it has nothing to do with Plaintiffs motion to substitute Panco Construction, Inc., for a fictitious defendant. Rule 15(c), M.R.Civ.P., relates to the substitution of identified defendants as do the decisions relied upon by the District Court and Panco Construction, Inc. It has nothing to do with the substitution of a correct defendant for a fictitious defendant. Therefore, our decision in Sooy v. Petrolane Steel Gas, Inc. (1985), 218 Mont. 418, 708 P.2d 1014, applies to this case and dictates its outcome. Keller v. Stembridge Gun Rentals (1986), 221 Mont. 352, 719 P.2d 764, and LaForest v. Texaco, Inc. (1978), 179 Mont. 42, 585 P.2d 1318, which were relied upon by the District Court and by Panco Construction, Inc., on its appeal, are factually distinguishable and inapplicable. There is nothing left for the District Court to decide.
¶35 I agree with the majority’s conclusion that the District Court mistakenly interpreted Molina’s motion and never did address his motion to file a second amended complaint. I agree with the majority’s conclusion that Rule 15(c), M.R.Civ.P., and the Keller decision are inapplicable to the motion to file the second amended complaint. I agree that Rule 4E(2), M.R.Civ.P., applies to this case. However, having made all of those correct decisions, what I do not understand is why we do not answer the simple legal issue presented to us. Is this case barred by the statute of limitations or is it not? When we read the applicable rule and statute together, only one correct conclusion can be made. That is what we have been asked to do. Plaintiff filed a Notice of Appeal on August 7,2001. Although the appeal has been handled as expeditiously as possible by everyone concerned, the decision will be received approximately ten months later and we have not answered *195 the issue presented to us.
¶36 Furthermore, based on the District Court’s original conclusions and Panco Construction, Inc.’s arguments on appeal, there are all sorts of potential for another incorrect decision by the District Court which would lead to another appeal, further delay, waste of judicial resources, and unnecessary expense for everyone involved.
¶37 For example, the District Court held that to address § 25-5-103, MCA, the Court must look to Rule 15(c), M.R.Civ.P. That is not correct. They are unrelated. The District Court relied on our decision in LaForest. However, LaForest is inapplicable. The District Court held that § 25-5-103, MCA, requires inclusion of a correctly named defendant before a complaint can be amended to substitute a defendant for a fictitious defendant. That is obviously incorrect. What if there is only one defendant and the plaintiff does not know that person’s name? Does that render the fictitious name statute null and void? Clearly it does not. Finally, the District Court concluded that before a complaint can be amended to substitute a correct defendant for a fictitiously named defendant, the notice requirements of Rule 15(c), M.R.Civ.P., must be met. Neither was that correct. This Opinion does not address any of those mistaken assumptions on the part of the District Court. There is no reason to assume they will not be made again.
¶38 On appeal, Panco Construction, Inc., did not even discuss the Plaintiffs motion to file a second amended complaint. It simply addressed the first amended complaint and contended that Rule 15(c), M.R.Civ.P., Keller, and LaForest apply. However, in passing acknowledgment that there is a fictitious name issue involved in this case, Panco Construction, Inc., contends that a plaintiff cannot be truly ignorant of a defendant’s name unless the plaintiff can demonstrate reasonable diligence in determining the true identity of the defendant before the original complaint was filed. First, reasonable diligence is nowhere mentioned in the fictitious name statute and cannot be made an added requirement of the statute simply because the defendant would like it to be so. Second, there is no record in this case of the Plaintiff’s diligence because the matter came before the District Court by way of Defendant’s Motion for Summary Judgment and its contention that there was no issue of fact. Therefore, Plaintiff was never required to demonstrate the degree of diligence exercised before filing the original complaint. Defendant’s argument that Plaintiff was not truly ignorant of the Defendant’s name at the time that he filed his original complaint has no merit. In the interest of judicial economy and *196 the correct application of the law, the parties and the District Court should be told so. Instead, the majority simply observes the argument and then remands the case back to the District Court to decide all over without any guidance other than the fact that it had not previously discussed the applicability of Rule 4E(2), M.R.Civ.P. The majority Opinion simply invites further error.
¶39 For these reasons, I dissent from the majority’s decision to remand this case back to the District Court “for consideration of Molina’s Motion to Amend Complaint in conjunction with Rule 4E(2), M.R.Civ.P., and the effect that Rule may or may not have on § 25-5-103, MCA, the fictitious name statute, and Rule 15(c), M.R.Civ.P., the misnomer rule, in relation to the facts of this case.” That is our job. We were asked to do it but did not. Based on the plain language of the fictitious name statute and the applicable rule of civil procedure, there is only one result that can follow. As a matter of law, Molina’s motion to file a second amended complaint must be granted. I would order the District Court to do so and save everyone a lot of argument, time and expense.
JUSTICE COTTER joins in the foregoing concurrence and dissent.