No. 02-248

IN THE SUPREME COURT OF THE STATE OF MONTANA

2003 MT 51

KIERSTEN RICH,

        Plaintiff,

  v.

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY,

        Defendant.

CERTIFIED QUESTION:     United States District Court, District of Montana,
Missoula, Montana Division
The Honorable Leif B. Erickson, Judge presiding.

COUNSEL OF RECORD:

        For Plaintiff:

            Jeffrey D. Ellingson, Ellingson Law Office, Kalispell, Montana; Dale L.
McGarvey, McGarvey, Heberling, Sullivan & McGarvey, Kalispell, Montana;
Richard H. Friedman, Kenneth R. Friedman, Friedman, Rubin & White,
Bremerton, Washington; Cynthia Ford, Golden Gate School of Law, San
Francisco, California

        For Defendant:

            Bradley J. Luck, Kathleen L. DeSoto, Garlington, Lohn & Robinson,
Missoula, Montana

Submitted on Briefs: October 17, 2002

Decided: March 25, 2003

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     The following certified question was presented to this Court by the United States District Court for the District of Montana, Missoula Division, on April 25, 2002, and accepted on May 7, 2002: "Whether, under [the circumstances described in the Certification Order], Rule 41(e), M.R.Civ.P., as it existed prior to January 1, 2000, precludes the maintenance of the underinsured motorist coverage damage action arising out of the 1993 accident filed by Plaintiff in Federal Court."  However, as the Certification Order acknowledges, this Court may reformulate the question under Rule 44(d), M.R.App.P.  We hereby reformulate the question as follows:

¶2     Does a plaintiff's failure to serve summons within three years as required under former Rule 41(e), M.R.Civ.P., require dismissal with prejudice of that same claim in federal court upon motion of the defendant if the plaintiff voluntarily dismissed the state court action after three years pursuant to Rule 41(a)(1), M.R.Civ.P.?

¶3     We answer this question in the affirmative.

## I. FACTUAL AND PROCEDURAL BACKGROUND

¶4     The following facts were submitted by the federal district court as background for the certified question.  On November 28, 1993, Plaintiff Kiersten Rich (Rich) was a passenger in a vehicle involved in an accident.  At the time of the accident State Farm Mutual Automobile Insurance Company (State Farm) provided underinsured motorist coverage to her.

2

¶5 On November 22, 1996, Rich filed a complaint in state court in the Eleventh Judicial District Court, Flathead County, naming State Farm as the defendant. That same day summons was issued. However, the summons was never served. The complaint noted the November 28, 1993 accident, that Rich had settled her claim with the primary liability insurer for $45,000, and that Rich was making claim against State Farm for underinsured motorist coverage benefits for the remainder of her alleged damages.

¶6 On January 2, 2001, Rich filed an action against State Farm in the United States District Court of Montana, Missoula Division. In this complaint, Rich sought, among other things, damages for underinsured motorist coverage benefits arising out of the 1993 accident.

¶7 State Farm had no knowledge that the state action was filed until May 16, 2001, when it checked with the Eleventh Judicial District Court and was advised that the complaint was filed and summons issued, but that no return of service had been filed.

¶8 On June 11, 2001, Rich filed a notice of dismissal without prejudice in the state action, stating that the notice was pursuant to Rule 41(a)(1), M.R.Civ.P. State Farm did not file a motion to dismiss or any pleading in the state action, nor did State Farm otherwise appear in the state action.

¶9 On June 13, 2001, State Farm filed a motion for partial summary judgment in the federal action seeking dismissal of the claims for underinsured motorist coverage arising out of the 1993 accident. State Farm asserted that Rich's failure to serve the summons and file a return of service in the state action within three years of the date of filing violated Rule 41(e), M.R.Civ.P., and therefore, State Farm was entitled to dismissal of the same action in

federal court.

¶10 Based on these facts, the federal court certified the issue to this Court.

## II. STANDARD OF REVIEW

¶11 Under Rule 44(c), M.R.App.P., this Court may answer a question of law certified to it by another qualifying court. Therefore, our review is purely an interpretation of the law as applied to the agreed facts underlying the question. In this case, we are asked to interpret the interaction of two rules of civil procedure. Such an interpretation is subject to the same canons of construction as interpretation of a statute. *AP v. Montana Senate Republican Caucus* (1997), 286 Mont. 172, 178, 951 P.2d 65, 69.

## III. DISCUSSION

¶12 **Does a plaintiff's failure to serve summons within three years as required under former Rule 41(e), M.R.Civ.P., require dismissal with prejudice of that same claim in federal court upon motion of the defendant if the plaintiff voluntarily dismissed the state court action after three years pursuant to Rule 41(a)(1), M.R.Civ.P.?**

¶13 We begin by setting out the rules of civil procedure at issue here. Rule 41 governs the "Dismissal of actions." Rule 41(a)(1), M.R.Civ.P., entitled "Voluntary dismissal -- effect thereof" reads:

> (1) By plaintiff -- by stipulation. Subject to the provisions of Rule 23(e), of Rule 66, and of any statute of the state of Montana, an action may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, which ever first occurs, or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice.

4

¶14    Former Rule 41(e), M.R.Civ.P., entitled "Failure to serve summons" reads:

> No action heretofore or hereafter commenced shall be further prosecuted as to any defendant who has not appeared in the action or been served in the action as herein provided within 3 years after the action has been commenced and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within 1 year, or unless summons issued within 1 year shall have been served and filed with the clerk of the court within 3 years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said 3 years. When more than one defendant has been named in an action, the action may within the discretion of the trial court be further prosecuted against any defendant who has appeared within 3 years, or upon whom summons which had been issued within 1 year has been served and filed with the clerk within 3 years as herein required.

The parties note that former Rule 41(e), M.R.Civ.P., was repealed and replaced with Rule 4E, M.R.Civ.P., on January 1, 2000. However, the parties also agree that the actions giving rise to the certified question in this case fall under former Rule 41(e), M.R.Civ.P., and our case law as it interpreted this rule before it was repealed. Therefore, we do not consider Rule 4E, M.R.Civ.P., for purposes of this certified question.

¶15    As mentioned above, State Farm made a motion for partial summary judgment in the federal action asserting that Rich's federal claim regarding underinsured motorist coverage should be dismissed. State Farm asserts that Rich's failure to serve the summons and complaint within three years of filing the state court action as required by Rule 41(e) bars the same claim from proceeding in federal court. State Farm argues that our decision in *First Call, Inc. v. Capital Answering Serv.* (1995), 271 Mont. 425, 898 P.2d 96, is controlling in

that failure to comply with Rule 41(e) requires dismissal with prejudice. State Farm also points to the plain language of Rule 41(e) that requires a case "shall" be dismissed and that "[n]o action heretofore or hereafter commenced shall be further prosecuted."

¶16     In contrast, Rich asserts that the plain language of Rule 41(a)(1) allows for voluntary dismissal by the plaintiff any time before the defendant appears. Therefore, she argues that her dismissal filed in the state action should be allowed without prejudice despite the fact that the dismissal was submitted after three years from the date she filed the action. Rich further asserts that because State Farm did not file a motion for dismissal in the state action, it is not entitled to the benefit of Rule 41(e).

¶17     The arguments of the parties boil down to Rich's position that the plain language of Rule 41(a)(1) trumps State Farm's position that the plain language of Rule 41(e) prevails. While we have previously addressed the application of both Rule 41(a)(1) and 41(e), we have never before addressed the interaction of the two rules. Therefore, we must determine which rule prevails under the facts presented here. In order make this determination, we first turn to the case law that already interprets each of these rules.

¶18     Regarding Rule 41(a)(1), we have held that this rule carries forward part of the common law allowing a plaintiff to end a lawsuit without prejudice to bringing a later lawsuit. We stated "[t]raditionally, a plaintiff [unable to produce sufficient evidence] has had an unqualified right, upon payment of costs, to take a nonsuit in order to file a new action after further preparation, unless the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit. . . . Rule 41(a)(1) preserves this

6

unqualified right of the plaintiff to a dismissal without prejudice prior to the filing of defendant's answer." *Jangula v. United States Rubber Co.* (1966), 147 Mont. 98, 113-14, 410 P.2d 462, 470. *See also Jones v. SEC* (1936), 298 U.S. 1, 19, 56 S.Ct. 654, 659, 80 L.Ed. 1015 ("The general rule is settled for the federal tribunals that a plaintiff possesses the unqualified right to dismiss his complaint at law or his bill in equity unless some plain legal prejudice will result to the defendant other than the mere prospect of a second litigation upon the subject matter."). Therefore, as is apparent from the plain language of Rule 41(a)(1), a plaintiff can usually dismiss without prejudice prior to an appearance by the defendant.

¶19 In contrast, we have also had occasion to interpret Rule 41(e). In *First Call*, 271 Mont. at 428, 898 P.2d at 98, we held that a failure to comply with Rule 41(e) by failing to serve summons within three years requires dismissal of a plaintiff's claim with prejudice. We stated that even though an applicable statute of limitation had not yet run, the purpose of Rule 41(e) was to promote the diligent prosecution of lawsuits and bar further prosecution of lached lawsuits. We also noted that to interpret Rule 41(e) as allowing a plaintiff to refile a lawsuit even though the plaintiff had violated the rule would defeat the purpose of the rule. Accordingly, we concluded that the plain language of Rule 41(e) requires dismissal with prejudice that must be given *res judicata* effect.

¶20 As the foregoing discussion makes clear, we have already interpreted the plain language of both rules. Further, this discussion also reveals that an inquiry into the case law and plain language of the respective rules simply does not resolve the issue presented in this case. Rather, we must turn to additional rules of statutory construction, as those rules also

7

apply to the Montana Rules of Civil Procedure. *First Call*, 271 Mont. at 428, 898 P.2d at 97. Nothing in the legislative history of either rule, that has not already been discussed in prior case law involving these rules, lends insight into the issue here. Further, while the Montana Rules of Civil Procedure are generally modeled after the Federal Rules of Civil Procedure, the Federal Rules do not contain a rule equivalent to Rule 41(e). Therefore, federal precedent on Rule 41(a)(1) is not persuasive on the issue presented here.

¶21 Notwithstanding the conflict presented by the plain language of Rules 41(a)(1) and 41(e), we are required to give an interpretation to each that gives effect to the language of both rules. *Kottel v. State*, 2002 MT 278, ¶ 41, 312 Mont. 387, ¶ 41, 60 P.3d 403, ¶ 41. As a result, under the facts presented here, Rule 41(e) must prevail over Rule 41(a)(1) because the opposite interpretation would render Rule 41(e) meaningless under the facts of the certified question.

¶22 Stated another way, if a plaintiff is allowed to dismiss a lawsuit without prejudice after the three year time period in Rule 41(e) has run, Rule 41(e) is in effect meaningless in that circumstance. To interpret Rule 41(e) in this way would be in direct conflict with our previous case law holding that the purpose of the Rule is to require diligent prosecution of lawsuits because an inactive plaintiff would be rewarded by doing nothing for over three years, even though that plaintiff was evidently pursuing a complaint. *See Sooy v. Petrolane Steel Gas, Inc.* (1985), 218 Mont. 418, 424, 708 P.2d 1014, 1018 (defendant "who has not been served within three years after the action has been commenced is entitled to a dismissal.")

¶23 Further, the language of Rule 41(a)(1)(i) supports this interpretation because the deadline for plaintiffs to file for voluntary dismissal provided in subsection (i) is determined by service on the plaintiff of the answer or motion for summary judgment by the defendant. Therefore, this language implies that the provisions of Rule 41(a)(1) are intended to apply when service of summons on the defendant has already occurred and the defendant has already been joined in the lawsuit. Thus, Rule 41(e) applies when service on the defendant has not yet been timely accomplished. Accordingly, we hold that in the event a plaintiff moves to dismiss a complaint without prejudice under Rule 41(a)(1), but does so after the three year time period in Rule 41(e) has passed, Rule 41(e) requires that the plaintiff's dismissal is with prejudice and must be given *res judicata* effect.

¶24 In making this holding, we note that Rich argues that State Farm could and should have avoided her voluntary dismissal by filing an answer or a motion for summary judgment as indicated by Rule 41(a)(1). Rich cites numerous cases in support of her argument in order to demonstrate that in the other cases interpreting the provisions of Rule 41(e), the defendant made a motion for relief in order to benefit from the protections of Rule 41(e). *See e.g. Eddleman v. Aetna Life Ins. Co.*, 1998 MT 52, ¶ 4, 288 Mont. 50, ¶ 4, 955 P.2d 646, ¶ 4. However, Rich's argument assumes that State Farm was either already served or it voluntarily appeared, as was the situation in the other cases interpreting Rule 41(e). A defendant simply cannot be held to a standard that requires it to appear when it has not been served. In other words, State Farm cannot be held to have committed a procedural error by failing to answer a complaint that was never served on it. Further, the fact that State Farm

9

later acquired actual knowledge of the state lawsuit (albeit not until after three years from Rich's filing had passed and not from any service by Rich) did not place upon it the burden to file a motion to dismiss or motion for summary judgment under Rule 41(e). Therefore, Rich's argument that State Farm is not entitled to the protection of Rule 41(e) because it did not appear in the state action is unpersuasive.

¶25 Rich also argues that in all the cases in which 41(e) was given effect, the defendant made a motion to dismiss in the same cause of action rather than in a different cause and that therefore, an order of dismissal with prejudice must issue from the original court before Rule 41(e) has *res judicata* effect. On this basis, she asserts that her failure to serve State Farm only bars her continuation in state court, that she is not procedurally barred from proceeding in federal court, that the state and federal actions are unrelated, and that our case law generally approves of filing the same claim in different courts. In making this argument, Rich does not directly assert, at least to this Court, that Rule 41(e) is a state procedural law that is not to be given substantive effect in federal court proceedings.

¶26 In any event, we disagree that the procedural posture of these facts should change our interpretation that Rule 41(e) is to be given *res judicata* effect. The central holding of *First Call* was that Rule 41(e) acts to preclude reassertion of a claim. To otherwise interpret this holding would defeat the purpose of Rule 41(e) as indicated in the Commission Notes to the rule. *Cf. Olson v. Daughenbaugh*, 2001 MT 284, ¶¶ 22-23, 307 Mont. 371, ¶¶ 22-23, 38 P.3d 154, ¶ 22-23 (although plaintiff can independently pursue different avenues, *res judicata* effect is given to the first venue to arrive at a conclusion).

10

¶27 Finally, Rich frequently points to the fact that our general policy favors litigation on the merits. However, our prior interpretations of Rule 41(e) demonstrate that certain procedural steps must be followed before a plaintiff can argue the merits of a complaint. Like statutes of limitation that allow a defendant repose in the knowledge that the possibility of suit has passed, Rule 41(e), although now repealed, allowed a defendant to know that when a complaint was brought against it and service of the summons was not accomplished within three years, that the complaint would be dismissed with prejudice.

## IV. CONCLUSION

¶28 Because we hold that former Rule 41(e), M.R.Civ.P., controls and requires dismissal with prejudice, we answer the certified question in the affirmative.

/S/ JAMES C. NELSON

We Concur:

/S/ KARLA M. GRAY

11

/S/ TERRY N. TRIEWEILER
/S/ JIM RICE

Justice Patricia O. Cotter dissents:

¶29 I respectfully dissent. I believe the Court has given too short a shrift to the provisions of Rule 41(a)(1), in its zeal to apply our holding in *First Call* to the facts presented here.

¶30 The Court concludes that, under *First Call,* a dismissal under Rule 41(e) must be given *res judicata* effect. I absolutely agree. In *First Call*, the defendant moved to dismiss plaintiff's cause of action under Rule 41(e), for the failure of the plaintiff to serve the summons within three years as required by the rule. We said: "We hold that dismissals under Rule 41(e), M.R.Civ.P., are dismissals with prejudice and must be given *res judicata* effect." *First Call,* 271 Mont. at 428.

¶31 The problem is that, here, dismissal was accomplished not under Rule 41(e), but under Rule 41(a), which permits a plaintiff to dismiss an action "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment. . . . Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice." Rich followed this rule by dismissing her complaint before any responsive pleading was filed, and as the rule allows such to be accomplished "at any time," her dismissal was neither untimely nor impermissible. Although the Court reads into Rule 41(a)(1) the *implication* that its provisions apply only in those instances where service of the summons has been accomplished (¶ 23), the rule contains no such qualification. It is not the office of this Court to insert into a statute that which has been omitted. Section 1-2-101, MCA.

13

¶32    Because Rich was entitled to invoke the provisions of Rule 41(a)(1) to dismiss her complaint without prejudice, and because her actions in doing so did not run afoul of the provisions of that rule, I would conclude that her Rule 41(a)(1) dismissal was not on the merits and does not carry *res judicata* effect.  I would therefore answer the certified question in the negative.

/S/ PATRICIA COTTER

Justices Jim Regnier and W. William Leaphart join in the foregoing dissent.

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

Justice W. William Leaphart dissenting.

¶33 I join in Justice Cotter's dissent and write to further observe that, despite the Court's protestation that it is saving Rule 41(e), M.R.Civ.P., from a meaningless existence, in fact it has rendered portions of the Rule meaningless. The Court notes that Rule 41(e) requires that a case "shall" be dismissed. The Court's interpretation, however, ignores the rest of the sentence referenced. Put in its proper context, the mandatory "shall" reads as follows: "all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not . . . ."

¶34 This language is significant in two respects. First of all, the dismissal is not self executing or automatic. Rather, there is only a dismissal upon motion of the Court or an interested party. Here there was no such motion. Secondly, the Court expresses reluctance to fault a defendant for not filing a motion for relief under Rule 41(e) when that party has not even been served with the complaint. It is clear, however, that the Rule does not consider service of the complaint upon a party as a prerequisite to the requirement that a party file a motion for relief. Rather, Rule 41(e) states that the motion to dismiss can be filed by any party interested therein, "whether named in the complaint as a party or not." Obviously if the Rule invites motions from non-named (and thus not served) but nonetheless "interested" parties, the fact that a *named* party was not served with the complaint or did not

15

learn of the complaint until after the three-year period is no reason to ignore the requirement that there must be a motion for relief.

¶35     I would answer the certified question in the negative.

/S/ W. WILLIAM LEAPHART