JUSTICE RICE
dissenting.
¶10 The Court has erroneously interpreted California law on which it relies and, therefore, has reached the wrong conclusion. I respectfully dissent.
¶11 The Court cites to California law for the proper application of § 25-5-103, MCA, because we did so previously in Sooy v. Petrolane Steel Gas, Inc. (1985), 218 Mont. 418, 708 P.2d 1014, and I have no objection thereto. However, its reference to California precedent is incomplete and fails to acknowledge the holdings from that state which require us to reach the opposite conclusion.
¶12 It is correct, as the Court notes in ¶ 8, that California liberally construes this provision. Indeed, the California courts go even further, holding that the statutory requirement that a plaintiff be ignorant of “the name of a defendant” when filing suit “has not been interpreted literally.”Hazel v. Hewlett (1988), 201 Cal.App.3d 1458, 1464. In other *273 words, California interprets the phrase “name of a defendant” to mean things beyond the scope of the plain language; a plaintiff can actually know a defendant’s name, but have not yet discovered the facts necessary to support the claim, and still come under the “fictitious name statute.” Hazel, 201 Cal.App.3d at 1464-65. By this mention, I do not suggest that we should adopt California’s “nonliteral” method of statutory interpretation, even for this statute, but I only seek to demonstrate the lengths to which California courts go to accommodate the relation-back purpose of the statute. However, even so, those courts would bar the filing here-on the meaning of “ignorance.”
¶13 California courts require that a plaintiff must be “genuinely” or “actually” ignorant of the defendant’s identity at the time of the filing. Woo v. Superior Court (1999), 75 Cal.App.4th 169, 177. In this case, the Court concedes that Molina genuinely or actually “knew the identity of the defendant he sought to name from the outset,” but concludes that after receiving misinformation from the Secretary of State, he became, at the time he filed his complaint, ignorant once again. See ¶ 9. However, as the California courts have held repeatedly, “[i]gnorance of the facts is the critical issue, and whether it be due to misinformation or negligence is not relevant.” Optical Surplus, Inc. v. Superior Court (Niskar) (1991), 228 Cal.App.3d 776, 784 (emphasis added); see also Munoz v. Purdy (1979), 91 Cal.App.3d 942, 947. In other words, actual knowledge cannot be turned into ignorance once again because a plaintiff received misinformation.
¶14 In Optical, plaintiffs counsel sent a demand letter to Defendant Optical prior to filing suit. When Optical sent a letter in reply denying involvement in the matter, plaintiff elected not to name Optical in the suit, naming “Doe defendants” instead. Later, plaintiff sought to add Optical under the fictitious name statute. The trial court granted plaintiff’s request, but the California Court of Appeals reversed:
[Plaintiffs] self-serving suggestion that he believed [Optical’s] reply letter cannot change the fact that [Plaintiff] knew everything he needed to know about Optical when he filed his original complaint. (Munoz v. Purdy, supra, 91 Cal.App.3d at p. 947 [‘“Ignorance of the facts is the critical issue, and whether it be due to misinformation or negligence is not relevant.’ [citations]”].)
Optical, 228 Cal.App.3d at 784.
¶15 I believe that the District Court’s findings that Molina had actual knowledge of the Panco Construction, Inc.’s, identity, and the proper application of California’s precedent regarding this statute, require that we affirm the District Court.
CHIEF JUSTICE GRAY joins in the dissent of JUSTICE RICE.